# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY YGLESIAS,<br><br>        Plaintiff,<br><br>   v.<br><br>ISMAEL PATEL, et al., | 1:17-cv-01282-GSA-PC<br><br>**FIRST SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT** |

## I. BACKGROUND

Ray Yglesias ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 27, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

The Complaint is now before the court for screening. 28 U.S.C. § 1915A.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is a state prisoner incarcerated at California State Prison-Los Angeles County in Lancaster, California. The events at issue in the Complaint allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Ismael Patel (M.D.), Martin Biter (Warden), Christian Pfeiffer (Warden), Matthew Cate, Jeffrey Berau, and Scott Keanan (Secretary of Corrections) (collectively, "Defendants").

Plaintiff alleges as follows. On March 26, 2013, Plaintiff spoke with Dr. Schaefer [not a defendant] about conditions Plaintiff "may" have. Compl. at 3. Dr. Schaefer documented that Plaintiff "may" have a condition and should have a CT scan to diagnose his condition for sure. Compl. at 3. Plaintiff has still not received a CT scan. Dr. Schaefer documented the numbness and weakness in Plaintiff's right hand and arm, which has not been addressed. On

October 20, 2013, Plaintiff notified the medical staff of his symptoms and what may happen if his symptoms were left untreated. On December 26, 2013, all of his symptoms got worse.

On June 14, 2015, Plaintiff again notified Dr. Patel that his hips "may" start to hurt, and that his symptoms were worse, including the numbness of his right hand and arm. Compl. at 4. On July 1, 2015, Plaintiff saw Dr. Patel and told him that his hips now hurt and he limps. On July 2, 2015, Dr. Patel recommended physical therapy for Plaintiff (too late). On July 5, 2015, Plaintiff filed a form-602 appeal against Dr. Patel because Plaintiff was not receiving proper medical care. As Plaintiff's primary care physician, Dr. Patel was made aware of Plaintiff's symptoms and issues well in advance of this 602. On July 23, 2015, Plaintiff received a write-up for quitting his job in the kitchen due to too much pain in his leg when standing or walking. On July 27, 2015, Plaintiff submitted a medical request for a wheelchair, which was denied. On August 3, 2015, the physical therapist recommended "walking limitations due to his condition." Compl. at 4.

On October 14, 2016, Plaintiff was received at Centinela State Prison and was issued a knee brace. On December 22, 2016, Plaintiff submitted a "reasonable accommodation request" for a cane, which was denied by the reasonable accommodation panel on January 17, 2017. Compl. at 4. Ironically, on January 17, 2017, Plaintiff received a "disability chrono" from Dr. Duenas [not a defendant]. Compl. at 4. Plaintiff was also given chronos for a low bunk, no stairs, and no lifting more than nineteen pounds. On March 23, 2017, Plaintiff received a "mobility impaired" vest permanently. Compl. at 4.

Plaintiff requests monetary damages and injunctive relief.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Supervisory Liability and Personal Participation

Plaintiff has named defendants who hold supervisory positions. Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v.

Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the defendants in their supervisory capacity, Plaintiff fails to state a claim.

### B. Medical Claim -- Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A

showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that he has a progressive condition causing numbness and weakness in his right hand and arm and pain in his hips and leg. This is sufficient to demonstrate a serious medical need. However, Plaintiff's allegations against the defendants do not meet the standard for deliberate indifference. Plaintiff alleges that in 2013, Dr. Schaefer [not a defendant] recommended that he receive a CT scan to diagnose his condition, but he never received a CT scan. Plaintiff also alleges that he notified defendant Dr. Patel, his primary care provider at KVSP, more than once about his symptoms, and Dr. Patel recommended physical therapy (too late). Plaintiff also alleges that he was refused a wheelchair at KVSP.

These allegations fail to show that any of the named defendants knew about a substantial risk of harm to Plaintiff's health and deliberately disregarded that risk, causing harm to Plaintiff's health. The fact that Plaintiff was later given medical accommodations for his condition at Centinela State Prison does not show that any of the defendants at KVSP possessed the requisite state of mind to state a claim for Eighth Amendment deliberate indifference. Therefore, Plaintiff fails to state an Eighth Amendment medical claim against any of the defendants. Plaintiff shall be granted leave to file an amended complaint curing the deficiencies in this claim.

## V. CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable

claim against any of the Defendants in the Complaint. Therefore, the court shall dismiss the Complaint, with leave to file a First Amended Complaint curing the deficiencies in his claims found by the court.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." The court will provide Plaintiff with time to file a First Amended Complaint curing the deficiencies identified above. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on September 27, 2017.

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence. Plaintiff is cautioned that it is not the duty of the court to look through all of his exhibits to determine whether or not he has claims cognizable under § 1983. Rather, the court looks to the

factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-01282-GSA-PC; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __July 17, 2018__              __/s/ Gary S. Austin__
                                      UNITED STATES MAGISTRATE JUDGE