# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY YGLESIAS, | 1:17-cv-01282-LJO-GSA-PC |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | **(ECF No. 14.)** |
| ISMAEL PATEL, | |
| Defendant. | |

## I. BACKGROUND

Ray Yglesias ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

On May 22, 2019, the court entered findings and recommendations, recommending that this case be dismissed, with prejudice, for failure to state a claim. (ECF No. 11.) Plaintiff was granted fourteen days in which to file objections to the findings and recommendations. (Id.) The fourteen-day time period passed, and no objections were filed. (Court record.) On June 19, 2019, the undersigned adopted the findings and recommendations in full and dismissed the case with prejudice. (ECF No. 12.)

On July 8, 2019, the court received and filed Plaintiff's objections to the findings and recommendations, more than a month after the deadline for filing objections had expired. (ECF

No. 14.) Plaintiff's objections are timely under the mailbox rule,[1] because Plaintiff's signature on the objections is dated June 4, 2019, which was within the time period for filing objections. The court shall treat Plaintiff's objections as a motion for reconsideration of the court's order dismissing the case.

**II.    MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

---

[1] Based on the mailbox rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), a *pro se* prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

### III. DISCUSSION

The court has again reviewed the findings and recommendations entered on May 22, 2019, taking into consideration Plaintiff's objections and the medical records that Plaintiff submitted as exhibits to the objections. (ECF No. 14.) In the objections, Plaintiff states that he informed defendant Dr. Patel of his serious medical condition, multiple sclerosis. Plaintiff's exhibits show that Plaintiff wrote down information about his medical condition on four CDCR 7632 Health Care Service Request Forms (Forms) dated May 27, 2011, May 31, 2011, July 30, 2012, and April 11, 2013. (ECF No. 14, Exhs. A & B.) However, none of the Forms mentions Dr. Patel at all. Plaintiff has not made factual allegations, or submitted evidence, demonstrating that Dr. Patel was deliberately indifferent to a substantial risk of serious harm to Plaintiff's health. As such, Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration, filed on July 8, 2019, shall be denied.

### IV. CONCLUSION

Based on the foregoing, THE COURT HEREBY ORDERS that Plaintiff's motion for reconsideration of the court's order dismissing this case, filed on July 8, 2019, is DENIED.

IT IS SO ORDERED.

Dated: **July 10, 2019**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE